```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

| | |
|---|---|
| **KEVIN MILLEN,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 22-cv-2524-SHL-tmp |
| | ) |
| **JAMES CLARK and** | ) |
| **DORIS CLARK,** | ) |
| | ) |
|     Defendants. | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court are *pro se* plaintiff Kevin Millen's complaint, (ECF No. 1), "Motion to Refute Subject Matter Jurisdiction Because of Losses and with Case 21-2734 Once Ohio Court Finished the Post Office Started Once Again,"[1] (ECF No. 7), Motion for Summary Judgment, (ECF No. 8), and "Motion to Show 14th Amendment is Real With This Statute 66-28-502," (ECF No. 9).[2] Because Millen is proceeding *in forma pauperis*, the court must

---

[1] The title of this "motion" refers to a prior case that Millen brought in this court: <u>Millen v. DeJoy</u>, No. 2:21-cv-02734-SHL-tmp, 2021 WL 6125852 (W.D. Tenn. Dec. 28, 2021). The court takes judicial notice of this case, which was also brought as a 42 U.S.C. § 1983 claim and pleaded similarly to the present case.

[2] Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management of all pretrial matters for determination or report and recommendation, as appropriate.

screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[3] For the below reasons, the undersigned recommends that Millen's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. PROPOSED FINDINGS OF FACT

On August 11, 2022, Millen filed a *pro se* complaint for violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) Using a form complaint provided by the Clerk's Office to assist *pro se* litigants asserting civil rights claims, Millen wrote the below narrative in the space titled "Statement of Claim":

> This claim is dealing with fairness of the law. We have a statute in Tennessee that for the renter to keep the playing field equal. The [c]onstitution plays a huge part because equal was what Thurgood Marshall stood for with justice. The number 14 comes to mind which enhances your bill of rights.

(Id. at PageID 2.) In the section of the complaint titled "Relief," Millen states, "I would like the court to award me pain and suffering, legal fees, two tickets to Hawaii first class round trip, also hotel stay at the Espacio the Jewel of Waikiki for 6 days 5 nights. With above included total cash $700,000.00." (Id. at PageID 3.)

All of Millen's filings are handwritten and at times difficult to decipher, so the court will provide its best interpretation of

---

[3]The undersigned construes Millen's additional filings as supplementing his complaint and accordingly will consider them in screening the complaint under § 1915(e)(2).

- 2 -

Millen's claims. Millen's filing titled "Motion to Refute Subject Matter Jurisdiction" alleges in relevant part that:

> The statute, Constitution plus Amica insurance shows why James & Doris Clark are at fault. If you notice the people of Amica state, "No odor was detected." Then they go on[] to state, "'odors' do not fall within the sixteen (16) named perils under your policy." Indeed, it was a odor but I used Lysol plus candles to try to eliminate the odor.

(ECF No. 7.) Millen attached to this "motion" a letter from Amica insurance, Millen's homeowners' insurance company, written in response to Millen's claim that there was water damage and a strong odor in his home. (ECF No. 7-1.) In the letter, Amica wrote that their inspector found that "there was no direct water exposure with the personal property, no personal property was damaged, and no odor was detected." (Id.) Amica also wrote that Millen's insurance policy does not cover odors. (Id.) Additionally, Millen attached two USPS tracking updates showing packages were delivered without any context or explanation. (Id.)

Millen's Motion for Summary Judgment complains of his landlord's inaction regarding apparent loss of the use of his kitchen, his sink leaking, and his apartment not being in habitable condition. (ECF No. 8, 8-1.) Millen's "Motion to Show 14th Amendment is Real with This Statute 66-28-502" states that the fungal odor in his home contributed to an unhealthy environment. (ECF No. 9.) Millen also attaches to this "motion" a blurry image, which appears to be a photo of his lease without any context or

explanation. (ECF No. 9-1.) In summary, it appears that Millen has issues with the conditions of his housing and he contends that his landlords, James and Doris Clark, have failed to remedy these conditions. Millen alleges violations of 42 U.S.C. § 1983 and § 66-28-502 of the Tennessee Code.

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal,

556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a § 1983 Claim**

Millen's complaint is styled as an action brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Nouri v. City of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988) (alteration in original)). Millen has sued his landlords, James and Doris Clark, who are private citizens. Millen has not alleged that his landlords acted under color of state law, as is required to state a claim under § 1983, and his complaint is devoid of factual allegations that would be actionable under § 1983. Id. Accordingly, Millen has failed to state a viable claim under § 1983.

**C.   Lack of Jurisdiction for T.C.A. § 66-28-502 Claim**

In his "Motion to Show 14th Amendment is Real," Millen refers to § 66-28-502 of the Tennessee Code. This section provides for civil penalties when a landlord fails to provide essential services. T.C.A. § 66-28-502. Before reaching the question of whether Millen states a claim under this section, the undersigned must first assess whether the court has jurisdiction to hear it at all.

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, [Section] 1332 for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 512 (2006). Federal question jurisdiction is invoked when the plaintiff "pleads a colorable claim 'arising under' the Federal Constitution or laws." Id. Because Millen's surviving claim is brought under Tennessee state law, the undersigned evaluates whether the court has diversity jurisdiction or should exercise supplemental jurisdiction over that claim.

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Based on the record before the court, it appears that Millen, James Clark, and Doris Clark are all citizens of Tennessee.

(ECF No. 1 at PageID 2.) Therefore, Millen has not met his burden of pleading diversity jurisdiction.

However, because Millen brought a claim arising under federal laws (his § 1983 claim), the court may exercise supplemental jurisdiction over Millen's state law claim. 28 U.S.C. § 1367(c)(3). Nevertheless, under § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. "'If federal claims are dismissed before trial, the state claims generally should be dismissed as well.'" Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009) (quoting Wojnicz v. Davis, 80 F. App'x 382, 384-85 (6th Cir. 2003)). Because the court recommends dismissal of Millen's § 1983 claim, it is further recommended that the court decline to exercise supplemental jurisdiction over Millen's state law claim.

### III.  RECOMMENDATION

Based on the above, it is recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 19, 2022
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**