**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KEVIN MILLEN, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 2:22-cv-02524-SHL-tmp |
| v. | ) | |
| JAMES CLARK and DORIS CLARK, | ) | |
|     Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND**
**DISMISSING COMPLAINT**

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, (ECF No. 10), filed August 19, 2022, recommending that the Court dismiss Plaintiff's Pro Se Complaint, (ECF No. 1).  Plaintiff filed an Objection on August 24, 2022.  (ECF No. 11.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff objected to the Magistrate Judge's Report and Recommendation.  (ECF No. 11.) Like the rest of his filings, Plaintiff's Objection is handwritten and, at times, difficult to interpret. (ECF No. 10 at PageID 28.)  However, construing the Objection charitably, Plaintiff seems to object to the Magistrate Judge's conclusion that he failed to state a viable claim under § 1983. (See ECF No. 11 at PageID 38.)  In the Report, the Magistrate Judge explained that Plaintiff sued

private individuals, and, therefore, failed to allege that Defendants acted "under color of state law", as required to state a § 1983 claim.  (Id.)  Plaintiff seemingly objects to this conclusion and argues that Defendants, his landlords, did in fact act under color of state law because they initiated eviction proceedings against him in state court.  (See ECF No. 11 at PageID 38.)

Generally, a plaintiff may only bring a § 1983 claim against a government entity or its employee.  Nonetheless, there are circumstances in which a private individual may, by their actions, become a state actor for § 1983 purposes.  Tahfs v. Proctor, 316 F.3d 584, 590–91 (6th Cir. 2003).  A private individual can fairly be said to be a state actor if (1) the deprivation complained of was "caused by the exercise of some right or privilege created by the State" and (2) the offending party "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).  However, a private party's mere use of the State's legal system or dispute resolution machinery, without the "overt, significant assistance of state officials," does not rise to the level of state action under § 1983.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 54 (1999); see also Stark v. City of Memphis, No. 19-cv-02396, 2020 WL 8770177, at *12 (W.D. Tenn. Feb. 18, 2020), report and recommendation adopted, 2021 WL 597880 (W.D. Tenn. Feb. 16, 2021) (private individual making use of court system as litigant in divorce proceedings is not a state actor).

Here, Plaintiff alleges that Defendants initiated eviction proceedings against him.  (ECF No. 11 at PageID 38.)  But Plaintiff fails to allege facts showing that Defendants did so with the overt, significant assistance of state officials, separate and apart from using the State's legal system which all private actors may do without becoming state actors.  Therefore, reviewing the

Magistrate Judge's conclusion <u>de novo</u>, the Court finds that Plaintiff failed to state a viable claim under § 1983.

The Court has reviewed the rest of the Report for clear error and finds none. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and **DISMISSES** the Complaint with prejudice.

**IT IS SO ORDERED,** this 4th day of November, 2022.

<u>s/ Sheryl H. Lipman</u>
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE